FILED
OCT - 7 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M.M., individually and as the legal representative of the Estate of John Doe 1, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN,**<br><br>Defendant. | Case: 1:21−cv−02783 JURY DEMAND<br>Assigned To : McFadden, Trevor N.<br>Assign. Date : 10/7/2021<br>Description: Gen. Civil (E−DECK)<br><br>Civil Action No. |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have moved to proceed anonymously and for waiver of Local Rules 5.1(c)(1) and 11.1, which require that they set out their names and residence addresses in their first filing. As they have stated good cause for such request, the Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. This Court is handling the Motion as Acting Chief Judge and pursuant to Local Rule 40.7(f), which authorizes the Chief Judge to hear such motions.

**I.    Background**

Plaintiffs allege that on May 31, 2017, a truck bomb detonated in Zanbaq Square in Kabul, Afghanistan, killing over 150 people and injuring over 400. See Redacted Compl. at 8. Plaintiffs are family members of eight Afghan victims of that attack, all of whom were allegedly "employed by a company performing a contract awarded by the United States Government and acting within the course and scope of their duties under that contract." Id. They have sued Iran, which they claim was part of a conspiracy with the Taliban and the Haqqani Network to attack American interests and allies in Afghanistan, including in this

1

Zanbaq Square attack.  Id.  Plaintiffs have brought claims for the provision of material support for the extrajudicial killings and intentional infliction of emotional distress.  Id. at 22–34.

Plaintiffs seek to use only the address of counsel in their public filings, to seal their residence addresses, and to proceed under pseudonyms given their "fear of reprisals against themselves and their families."  Pl. Mot. at 1.

## II.     Legal Standard

Generally, a complaint must state the names of the parties and address of the plaintiff.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  In re Sealed Case, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing Courthouse News Serv. v. Planet, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  Id. (alterations omitted) (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited. See Fed. R. Civ. P. 5.2. Minors, for example, must be referred to using only their initials. See Fed. R. Civ. P. 5.2(a)(3). A court may also, for good cause, "require redaction of additional information." Fed. R. Civ. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d at 326 (citations omitted). Once that showing has been made, "the court must then balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." Id. (internal quotation marks and citation omitted). When weighing those concerns, five factors, initially drawn from James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." In re Sealed Case, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. (citing James, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." Id. Rather, the "balancing test is necessarily flexible and fact driven," and the

3

five factors are "non-exhaustive." In re Sealed Case, 971 F.3d at 326.  In exercising discretion "to grant the rare dispensation of anonymity[,] . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . [,] tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." Microsoft Corp., 56 F.3d at 1464 (quoting James, 6 F.3d at 238) (other internal citations and quotation marks omitted).

**III.   Analysis**

At this early stage of the litigation, this Court is persuaded that Plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing certain details about the litigants.  The public's interest in knowing the addresses and identities is *de minimis* and pales in comparison to the significant privacy interests of Plaintiffs, who have well-founded and legitimate fears of reprisals against themselves and their families.  See Pl. Mot. at 1–2.

First, Plaintiffs do not seek to limit disclosure of their residence addresses and names "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 931 F.3d at 97.  They credibly speak of a "legitimate and serious risk of physical harm to themselves and their family . . . [, which] has exponentially increased with the Taliban's recent conquest of Afghanistan."  Pl. Mot. at 3.

Second, and for the same reasons, Plaintiffs have shown that they would face a serious risk of retaliatory harm if they were forced to provide their residence addresses or names.  Id.

4

Third, "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 931 F.3d at 97, weigh in Plaintiffs' favor inasmuch as sixteen of the individual Plaintiffs are minors. See Pl. Mot. at 3.

Fourth, the fact that this suit is against a government is neutral. "[T]here is a heightened public interest when an individual or entity files a suit against the government," In re Sealed Case, 971 F.3d at 329, but this applies to the United States government and not to foreign governments. There is nothing about the nature of these proceedings, moreover, that creates any need for transparency with respect to Plaintiffs' identities or addresses. Cf. id. (describing public interest as "intensified" where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

Fifth, allowing Plaintiffs to proceed without making their addresses public will not prejudice Defendant. Iran does not need Plaintiffs' personal addresses to defend against their claims. As Iran typically does not respond to these cases, there is no reason to prevent anonymous filing. If it ultimately does respond, it may certainly be heard down the line about whether the current protections should remain. See Pl. Mot. at 3–4.

In sum, weighed against the minimal apparent interest in disclosure, Plaintiffs' significant interest in maintaining the privacy of their personal information at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. See Horowitz v. Peace Corps, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'") (quoting Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989)).

**IV.     Conclusion**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' *Ex Parte* Motion for Waiver of Local Civil Rules 5.1(c)(1) and 11.1 and for Leave to Proceed Anonymously is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. The case may proceed using the initials and pseudonyms requested; and

3. Plaintiffs' full names, current residential addresses, and an unredacted copy of the Complaint shall be filed with the Court *ex parte* and under seal by October 21, 2021.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 19, 2021