UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M.M., individually and as the legal representative of the ESTATE OF JOHN DOE 1**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN**,<br><br>    Defendant. | Case No. 1: 21-cv-2783 (TNM) |

## ORDER

This case arises from the Zanbaq Square bombing in Afghanistan. That attack allegedly killed eight Afghani citizens who were working as contractors for the United States. *See* Compl. at 4, ECF No. 3. The victims' family members now sue Iran under the Foreign Sovereign Immunities Act. *See generally id.* Some sue as legal representatives of the decedents' estates. *See, e.g.*, Compl. ¶ 1 ("John Doe 1 was killed in the Zanbaq Square Attack. M.M. is the legal representative of the Estate of John Doe 1."). And all sue in their individual capacity for intentional infliction of emotional distress. *Id.* at ¶ 238.

Iran never responded to the Complaint and the Clerk entered default in January. *See* ECF No. 26. Plaintiffs now seek a default judgment. *See* Pl.'s Mem. in Support of Mot. for Def. J. (MDJ), ECF No. 27-1.

No plaintiffs are U.S. citizens. *Id.* at 31. And so, as they acknowledge, they must state a claim under state or foreign law to recover in their individual capacity. *See id.* at 30; *see also Fraenkel v. Islamic Repub. of Iran, et al.*, 892 F.3d 348, 353 (D.C. Cir. 2018). To figure out which law applies, "the Court must conduct a choice-of-law analysis." *Borochov v. Islamic*

*Repub. of Iran*, 589 F. Supp. 3d 15, 35 (D.D.C. 2022).  Plaintiffs urge that District of Columbia law applies to Plaintiffs claims and thus brief liability under only D.C. law.  *See* MDJ at 31.  But it appears to the Court that Afghani law may govern instead.

Here, two jurisdictions' law potentially applies.  Either D.C. law applies because the District is the forum state, or Afghani law applies because most Plaintiffs are Afghani citizens and the attack happened there.  To figure out which to apply, the Court looks to D.C.'s choice of law test:

> The District combines a "governmental interest analysis" with a "most significant relationship test." *W.A. v. Islamic Repub. of Iran*, 427 F. Supp. 3d 117, 139 (D.D.C. 2019).  Under the first analysis, "the Court evaluates the governmental policies underlying the applicable laws and determines which jurisdiction's policy would be most advanced by having its law applied" to the case.  *Id.* (cleaned up).  Under the second portion—the most significant relationship test—the Court must consider four factors from the Restatement (Second) of Conflict of Laws: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the parties' domicile, residence, and nationality; and (4) "the place where the relationship, if any, between the parties is centered." *Id.* (quoting Restatement (Second) of Conflict of Laws § 145(2)).

*Borochov*, 589 F. Supp. 3d at 37.

The first half of the test seems to be a wash.  The United States has an interest in protecting its contractors from terrorist attack.  But Afghanistan has a strong interest in preventing terrorist attacks within its borders.

The second half of the test seems to cut strongly in favor of applying Afghani law.  The injuries in this case were sustained in Afghanistan from an attack in Afghanistan.  Most Plaintiffs are Afghani citizens and residents.  *See* Mot. to Proceed Anon. ¶ 5, ECF No. 1.  And to the extent Plaintiffs can be considered to have a "relationship" with Iran, that relationship is centered in Afghanistan.

When determining foreign law, the Court "is free to insist on a complete presentation by counsel." Fed. R. Civ. P. 44.1, advisory comm.'s note to 1966 amendment. But Plaintiffs have entirely failed to brief Afghani law. Thus, it is hereby

**ORDERED** that Plaintiffs shall show cause why the Court should not dismiss the individual family-member claims for their failure to provide sufficient information about their entitlement to recover under Afghani law. To remedy this gap in their filings, Plaintiffs shall submit information in the form of a sworn expert declaration explaining:

- Whether Afghani law allows the family members of a decedent to recover;
- If it does allow recovery, under what legal theory;
- The elements of any such cause of action;
- Defenses to any such cause of action; and
- Any other information that the Court may need to assess liability under Afghani law; it is further

**ORDERED** that Plaintiffs shall also submit their damages briefing. The Court will decide liability and damages (if any) at the same time. The Court finds a Special Master is not necessary in this case. The damages briefing shall include all information necessary for the Court to calculate damages under Afghani law, including:

- The types of damages available under Afghani law for any cause of action pursued by Plaintiffs;
- How Afghani courts calculate damages in similar cases; and
- To what extent, if any, Afghani courts award punitive damages.

**ORDERED** that Plaintiffs shall file any response to this Order by June 26, 2023.

**SO ORDERED**.

Dated: May 8, 2023                                                              TREVOR N. McFADDEN, U.S.D.J.