UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M., individually and as the legal representative of the ESTATE OF JOHN DOE 1, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**ISLAMIC REPUBLIC OF IRAN**,<br><br>                    Defendant. | Case No. 1: 21-cv-2783 (TNM) |

## ORDER

This case arises from the Zanbaq Square bombing in Afghanistan. The victims' family members and estates now sue Iran under the Foreign Sovereign Immunities Act. *See generally* Compl., ECF No. 3.

Iran never responded to the Complaint and the Clerk entered default. *See* ECF No. 26. Plaintiffs now seek a default judgment. *See* Pl.'s Mem. in Support of Mot. for Def. J. (MDJ), ECF No. 27-1. A few months later, the Court ordered Plaintiffs to provide damages briefing. *See* Order at 3, ECF No. 29. Plaintiffs responded to that order with affidavits and expert reports to support their requests for damages. *See* ECF Nos. 31–32.

But there is a glaring problem with Plaintiffs' expert report from Chad L. Staller and Stephen M. Dripps. *See* Exp. Rep. of Chad L. Staller and Stephen M. Dripps (Econ. Rep.), ECF No. 32-3. For most of the deceased men, the economists used "the average life expectancy at birth as of 2021" to help calculate their families' losses. *See, e.g., id.* at 2 (John Doe 1). None of the decedents were born in 2021, so this measure fails to accurately represent their life

expectancy. And, because of the growth in life expectancies in Afghanistan in recent decades, this error massively inflates the estates' losses.

To get damages under the FSIA, Plaintiffs must "prove the amount of damages by a reasonable estimate." *Abedini v. Islamic Repub. of Iran*, 422 F. Supp. 3d 118, 136 (D.D.C. 2019) (cleaned up). What Plaintiffs have provided will not cut it. Still, the Court will give Plaintiffs one more shot to provide a reasonable estimate of their damages. The Court expects that any future expert reports will be methodologically sound. *See* Fed. R. Civ. P. 11(b).

And there is another problem. Early in this case, Plaintiffs moved to proceed under pseudonyms. The Court granted that motion but ordered that "Plaintiffs' full names . . . shall be filed with the Court *ex parte* and under seal." Order at 6, ECF No. 3. Plaintiffs filed a list of their names and addresses but many in that list lack surnames. *See* Sealed Notice, ECF No. 6. Plaintiffs thus must clarify whether the Plaintiffs listed without a surname indeed have no surname. If so, they must provide appropriate documentation to ensure any award goes to the rightful recipient and to avoid the potential of subsequent awards for the same event.

Default judgment under FSIA is not automatic. If Plaintiffs do not properly demonstrate their entitlement to judgment and their full compliance with applicable rules, they will not get it.

Thus, it is hereby

**ORDERED** that Plaintiffs' [27] Motion for Default Judgment is **DENIED without prejudice**. Plaintiffs shall file any updated damages briefing by November 20, 2023.

**ORDERED** that Plaintiffs shall clarify whether their [6] Sealed Notice provides the full and complete names of every Plaintiff in this case. That response is due by October 5, 2023.

Dated: September 21, 2023                                  TREVOR N. McFADDEN, U.S.D.J.